IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA ZEPEDA,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>        Defendants. | Case No.: C12-3098 JSC<br><br>**ORDER FOR PLAINTIFF'S COUNSEL TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT BE IMPOSED** |

     Plaintiff, represented by attorney Wendell Jamon Jones, filed this mortgage action alleging that Defendants' origination and servicing of Plaintiff's mortgage loan was improper. On June 21, 2012, Defendants moved to dismiss Plaintiff's entire complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) & (7). Plaintiff did not file an opposition or statement of non-opposition to the motion as required by Local Civil Rule 7-3. Accordingly, on July 9, 2012, this Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. (Dkt. No. 10.) Plaintiff did not respond to the Order, and on July 27, 2012, the Court dismissed this case under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Dkt. No. 15.)

     This case is not the first time Plaintiff's attorney, Mr. Jones, has failed to respond to motions to dismiss or other court orders. In previously filed mortgage cases in this

District and others, Mr. Jones has repeatedly failed to prosecute actions he filed on behalf of clients.

For example, in September 2010 Mr. Jones filed <u>Khan v. World Savings Bank, FSB</u>, 10-04057 EJD in state court and the defendant removed the lawsuit to this District. The defendant subsequently moved to dismiss and strike the complaint. (Dkt. Nos. 6, 7.) Mr. Jones failed to file an opposition or statement of non-opposition. Before the court could rule on the pending motions, the case was reassigned to district court judge Lucy Koh. (Dkt. No. 11.) The defendant therefore renoticed its motions to dismiss and strike. (Dkt. Nos. 13, 14.) The district court issued an order that set a response date. (Dkt. No. 18.) Mr. Jones again failed to file an opposition or statement of non-opposition to either motion. Accordingly, on January 11, 2011, the district court dismissed the complaint and ordered Mr. Jones to show cause as to why sanctions should not be imposed. 2011 WL 90765 *1 (N.D. Cal. January 11, 2011) (Dkt. No. 19). Mr. Jones did not file a response to the order to show cause and failed to appear at the hearing. (Dkt. No. 24.) On March 21, 2011, having noted Mr. Jones's repeated violation of the local rules in the case and others, Judge Koh ordered Mr. Jones to pay $1,000 in sanctions and to report the sanction to the state bar. (Dkt. No. 23.)

Mr. Jones engaged in similar conduct in <u>Villar v. Bank of America Corp.</u>, No. S-10-1910-KJM KJN (E.D. Cal. filed July 20, 2010), in which he failed to file an opposition or notice of non-opposition to defendant's motion to dismiss in compliance with E.D. Cal. R. 230(c).[1] (Dkt. No. 12 ¶ 2.) On October, 12, 2010, the court issued an order to show cause as to why Mr. Jones should not be sanctioned. (Dkt. No. 12.) Mr. Jones did not respond to the order and on November 22, 2010 the court ordered him to

---

[1] Local Rule 230(c) for the Eastern District of California provides in relevant part:

> "Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen(14) days in preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question."

2

pay $150.00 in sanctions. (Dkt. No. 14.) The court also ordered Mr. Jones to show cause as to why he should not be sanctioned an additional $300.00 for his failure to respond to legal deadlines and the court's order, and why plaintiff's case should not be dismissed for failure to prosecute. (Id.) Mr. Jones did not respond to the order, and on February 1, 2011, the court ordered him to pay an additional $300 in sanctions. (Dkt. No. 17 at 3.)

Mr. Jones has failed to file oppositions or statements of non-opposition in response to motions to dismiss in many other cases in federal district courts throughout California: Ayon v. JPMorgan Chase Bank, N.A., 2012 WL 1189455 *1 (E.D. Cal. April 9, 2012); Meza v. Citimortgage, Inc., 2012 WL 1455075 *1 (E.D. Cal. April 26, 2012); Valenzuela v. GMAC Mortgage, LLC, No. 10cv-0239 JAH (BLM) (S.D. Cal. filed January 29, 2010) (Dkt. No. 5 at 1). Mr. Jones has also repeatedly failed to timely file an amended complaint: Fabela v. Litton Loan Servicing, No. 2:10-CV-01847 MCE-JFM (E.D. Cal. filed July 15, 2010) (Dkt. No. 21 at 1); Huerta v. Ocwen Loan Servicing, L.L.C., No. 5:09-cv-05822-JF (HRL) (N.D. Cal filed December 11, 2009) (Dkt. No. 30). Additional cases filed by Mr. Jones have been dismissed for failure to prosecute: Spring v. Deutsche Bank National Co., No. 5:10-cv-05275-JF (N.D. Cal. filed November 19, 2010) (Dkt. No. 22); Meneses v. Citimortgage, Inc., No. 5:11-cv-05227-EJD (N.D. Cal. filed October 26, 2011) (Dkt. No. 32).

Furthermore, Mr. Jones regularly files complaints and then voluntarily dismisses them shortly after defendants file a motion to dismiss: Hernandez v. Bank of America Corp., No. CV-11-02004 (N.D. Cal. filed April 25, 2011) (Dkt. Nos. 11, 13.); Centeno v. OneWest Bank, No. 3:11-cv-05480-SI (N.D. Cal. filed November 10, 2011) (Dkt. Nos. 4, 13); Hernandez v. Citimortgage, Inc., No. 5:11-cv-2980-EJD (N.D. Cal. filed June 17, 2011) (Dkt. Nos. 6, 16); Monrroy v. Bank of America Corp., No. 10-cv-2852 SC (N.D. Cal. filed June 28, 2010) (Dkt Nos. 7, 14); Snell v. Wells Fargo Bank, N.A., No. 4:11-cv-06297- SBA (N.D. Cal. filed December 16, 2011) (Dkt. Nos. 8, 10).

Rodriguez v. Bank of America Corp., No. 3:11-cv-05134-TEH (N.D. Cal. filed October 19, 2011), is another recent mortgage case in which the plaintiff was represented by Mr. Jones. There, the defendant filed a motion to dismiss the first amended complaint, to which Mr. Jones did not file a response of any kind. On January 10, 2012, the court issued an order to show cause as to why the case should not be dismissed, and a hearing was scheduled. Mr. Jones did not appear at the hearing and did not respond to the order. The court's courtroom deputy made numerous unsuccessful attempts to reach Mr. Jones. The court then ordered plaintiff to show cause as to why the complaint should not be dismissed, and ordered Mr. Jones to show cause as to why sanctions should not be imposed for his repeated failures to comply with the court's orders and rules in that case. The court also ordered Mr. Jones to appear before it and warned that if he failed, "the Court may order the United States Marshall to locate Mr. Jones and bring him before the Court." (Dkt. No. 18.) Mr. Jones responded by explaining that his failure to appear at the hearing was unintentional and that his ability to work was limited due to health problems. (Dkt. No. 21.) Mr. Jones assured the court that he has "the utmost respect for the judicial system and will make sure that this type of oversight doesn't happen in the future." (Id.)

Notwithstanding this assurance, Mr. Jones continues to disregard court deadlines, as he has done in this case. Mr. Jones' pattern of filing cases and then failing to defend them concerns the Court that Mr. Jones is obtaining retainers from his clients and then abandoning them. Accordingly, on or before September 6, 2012, Mr. Jones is ordered to show cause in writing as to why he should not be sanctioned. Such sanctions may include monetary sanctions, referral to the Standing Committee on Professional Conduct, the Chief Judge, or another appropriate disciplinary authority in California or the Northern District. See L.R. 11-6 (a). A hearing on this Order to Show Cause will be held September 20, 2012, at 3:00 PM in Courtroom F.

//
//

4

**IT IS SO ORDERED.**

Dated: July 31, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE